## The A. H. Andrews Company, Defendant in Error, v. C. P. Lautenschlager, Plaintiff in Error.

### Gen. No. 20,008.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

### Statement of the Case.

Action by The A. H. Andrews Company, a corporation, against C. P. Lautenschlager to recover damages for breach of a written contract of purchase of seating for a theater. From a judgment in favor of plaintiff for $349.62, defendant brings error.

By written agreement defendant purchased and ordered from plaintiff seating for a theater to the number of 650 (more or less, according to plan) at $1.70 "per setting" according to the specifications attached to the contract and made a part thereof. By the original contract defendant also agreed to buy back approximately sixteen chairs at $1 per chair. Two days after the instrument was signed Lautenschlager went to plaintiff's office for the purpose, as he testified, of canceling the contract. With him was the representative of a rival seating concern, but that fact was not disclosed to plaintiff. Lautenschlager complained to Merle, secretary and general manager of the corporation, that the prices named in the instrument were too

high. Merle consented to a reduction of the price of the chairs from $1.70 to $1.61½ "per setting" and to an increase of the price of the sixteen chairs which plaintiff was to take back from defendant from $1 to $1.35 per chair, and Merle drew his pen through the original figures and wrote in the figures above named. Lautenschlager then, on the suggestion of the man who came with him that the contract had been changed and was void, refused to "O. K." the changes so made in the instrument, and left plaintiff's office, saying that he would have to see his father before indicating by his initials his consent to the changes, and now contends that by such alteration in the instrument that the same was altered and either made void or as modified became the contract of the parties, and that the recovery must be made on the contract as so altered and modified.

Defendant failed to furnish a seating plan and the plan furnished by the plaintiff provided for 648 seats, upon which recovery was based.

GEORGE H. MASON, for plaintiff in error.

GREGORY & McNAB, for defendant in error; ALBERT S. LONG, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 430*—*what constitutes acceptance of contract.* In an action for breach of contract of purchase of seating for a theater, *held* that the jury might properly find that the contract was accepted by the plaintiff corporation since immediately after the instrument was signed by plaintiff's salesman and defendant it was exhibited to the secretary and general manager of the plaintiff, when his oral approval was given.

2. CORPORATIONS, § 430*—*effect of officer's oral approval of contract.* In an action for breach of a written contract for seating

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in a theater, where the instrument provided that the passing on and acceptance of the contract by an officer of the corporation should be an approval of it by the corporation, such approval of the contract may be shown by the officer's oral acceptance of same.

3. SALES, § 62*—*when contract may state approximation.* In an action for breach of contract where defendant was to furnish a seating plan for chairs purchased for a theater, on his failure to do so within the time given he cannot complain that the contract is void for uncertainty because it provided for the furnishing of an approximate number of chairs, the exact number of which could not be ascertained until the seating plan was furnished, especially where recovery was based on a less number than the approximation.

4. ALTERATION OF INSTRUMENTS, § 14*—*where inoperative to effect original obligation.* Where recovery was sought for breach of a contract of purchase of seating for a theater, evidence *held* insufficient to show mutilation of the instrument since the proposed alterations were innocent, failing to become effective because of the defendant's refusal to ratify the contract as altered, so that plaintiff could recover on the original obligation.

5. SALES, § 331*—*where amount of recovery not excessive.* Where defendant in an action for breach of contract of purchase of seating for a theater contended that the damages were excessive, because if a plan of circular seating were adopted a less number of seats could have been placed in the theater than the number on which the recovery was based, *held* that the damages were properly estimated on the number furnished under the plan provided by the plaintiff, as the jury might take that number as the basis for estimating plaintiff's damages, the contract not providing for a circular plan of seating.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.